AngioDynamics' Objection to
Relator's Fee Claim
**Exhibit B**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* BLISS, ET AL., <br><br> *Plaintiffs*, <br><br> v. <br><br> BIOCOMPATIBLES INTERNATIONAL PLC, ET AL., <br><br> *Defendants*. | Civil Action No. SA-13-CV-667-XR |

## DECLARATION OF GEORGE H. SPENCER, JR. IN OPPOSITION TO RELATOR'S COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES

I, GEORGE H. SPENCER, JR., declare:

1. My name is George H. Spencer, Jr. I am of sound mind and capable of making this Declaration. The matters of fact stated herein are true of my own personal knowledge and experience, and based on documents I have reviewed. If called upon to do so, I could and would testify competently thereto.

2. This declaration is submitted in opposition to Relator's Counsel's Application for Attorneys' Fees, Costs and Expenses.

**I.   Credentials**

3. I am a trial and appellate attorney in San Antonio, Texas, with the firm of Clemens & Spencer, P.C., which I joined in 1978. I have been licensed to practice in the State of Texas since 1977. I hold degrees from Princeton University and St. Mary's

University School of Law. I am licensed to practice in the U.S. District Court for the Western District of Texas, the district in which this case is venued, as well as in all state courts in Texas, in the U.S. District Court for the Southern District of Texas, in the U.S. Court of Appeals for the Fifth and Federal Circuits, and in the U.S. Supreme Court. I have received various recognitions from my peers and through publications, some of which are described on my attached resumé, Exhibit B-1.

4.  I was certified as having special competence in the field of Civil Trial law by the Texas Board of Legal Specialization in 1984; I have been re-certified thereafter six times (most recently on December 31, 2014). I have actively practiced civil trial and appellate law in Bexar and the surrounding counties since 1978. As part of my practice I have served, and been accepted by courts, as an expert witness regarding the reasonableness and necessity of attorney's fees. I have been lead counsel in complex civil litigation multiple times and am familiar with litigation practices and attorney's fees in the San Antonio Division of the United States District Court for the Western District of Texas for lawsuits of complexity similar to this one.

5.  As a trial and appellate attorney, I have represented hundreds of clients in a wide range of civil cases since entering private practice in 1978. From the mid-1980s to the present, I have been actively involved in defending, and to a lesser extent, prosecuting, claims and cases against law firms and attorneys in the San Antonio metropolitan area for legal malpractice, breach of fiduciary duty, and other causes of action. The law firms I have represented have ranged from solo practitioners to the largest national law firms. I have also represented a number of attorneys in State Bar

grievance proceedings and, on occasion, have assisted persons in making disciplinary complaints against attorneys.

6. In civil cases brought against law firms and their attorneys and in grievance proceedings, the bills and invoices of the attorneys and the amounts they charged are invariably produced in discovery and, as a consequence, I have reviewed many legal fee statements/bills from a wide variety of attorneys and firms.

7. Further, I have represented many clients in litigation in the San Antonio metropolitan area in which other parties to the litigation were seeking the recovery of attorney's fees. In those cases, the discovery and trial process involved the review and analysis of the amounts of fees being sought and the type of work for which the fees had been charged.

## II.  MATERIALS CONSIDERED

8. In reaching the opinions expressed herein, in addition to my experience and knowledge outlined above, I have also considered the State Bar of Texas' 2015 Hourly Rate Fact Sheets (the "Texas Bar Report"), which is the most recent published Texas Bar Report, and is also relevant to the time period at issue in this matter. A copy of the Texas Bar Report is attached to this Declaration as Exhibit B-2.

9. With regard to the opinions I express regarding hourly billing rates for paralegals, I have considered the State Bar of Texas 2014 Paralegal Division Compensation Survey ("Paralegal Survey"), which is the most recent published Paralegal Survey, and is also relevant to the time period at issue in this matter. A copy of the Paralegal Survey is attached to this Declaration as Exhibit B-3.

10. I also reviewed additional materials relating to Relator's Application for Attorney's Fees and Costs, the Incorporated Memorandum in Support, and Exhibits (hereinafter "Relator's Fee Claim") filed in this case (Docket No. 36). These materials are specifically identified in subsequent paragraphs of this Declaration.

### III. Analysis and Opinions

11. I have been asked by counsel for Defendant AngioDynamics, Inc. to express my opinions concerning the hourly rates sought by Relator's counsel and paralegals in the Relator's Fee Claim, and the hourly rates which prevailed in the San Antonio Division of the Western District of Texas for similar services by lawyers of reasonably comparable skill, experience, and reputation. I have also been asked to express my opinion concerning the adequacy of billing records provided by Relator's counsel to demonstrate that the hours billed were reasonably spent on Relator's claims against AngioDynamics.

#### A. Attorney Rates

12. As a result of my close to forty years of practice and experience as a lawyer described above, I am familiar with the prevailing market rates for legal fees in the San Antonio Division for the Western District of Texas during the time period when legal services at issue in this case were rendered and for which compensation is sought.

13. It is my opinion that the rates requested by Relator's counsel and paralegals in Relator's Fee Claim are unreasonable, because they are significantly higher than the prevailing market rates in San Antonio in and around 2013-2018 for litigators and

paralegals of similar experience, reputation, and accomplishments, and the nature of the litigation. *See* Exhibits B-2 and B-3.

14. In reaching my opinions on these issues and topics, I have reviewed the Relator's Fee Claim and the Declarations of Wm. Paul H. Lawrence, II (Relator's Fee Claim, Exhibit F), Jeffrey A. Newman (Relator's Fee Claim, Exhibit G), and John E. Clark (Relator's Fee Claim, Exhibit H). I have also reviewed Relator's counsel's billing records (Relator's Fee Claim, Exhibit E), and proposed basis for rates (Relator's Fee Claim, Exhibit D-5).

15. In reaching my opinions expressed in this Declaration on the reasonableness of attorney's fees, I have been guided by the factors set out in seminal cases *Arthur Anderson v. Perry Equip. Corp.*, 945 S.W.2d 812, 819 (Tex. 1997) (also reflected in Rule 1.04(b) of the Texas Disciplinary Rules of Professional Conduct) and *Johnson v. Georgia Hwy Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

16. It is my opinion that the 2015 Texas Bar Report is a valid and reliable source of information about the 2015 prevailing market rates in San Antonio.

17. Taking the median market rate information from the 2015 Texas Bar Report into consideration, it is my opinion that the prevailing hourly rates for litigation/trial attorneys in the San Antonio Division of the Western District of Texas during 2015 ranged from $150.00 per hour to up to $450.00 per hour depending upon the individual attorney's experience, reputation, and accomplishments, and the nature of the litigation.

18. It is further my opinion that those rates were not materially less during the immediately preceding two to three years nor were they materially greater during the succeeding two to three years.

19. For purposes of this case, I also took into consideration Relator's counsel's representations regarding the time and labor involved, the novelty or difficulty of the issues presented, the skills required of the attorney, the experience, reputation and ability of the attorneys, and the fee customarily charged in San Antonio for similar services.

20. In my opinion, none of Relator's counsel possesses such unique and superior skill, ability, experience, and reputation, beyond that of litigation counsel in San Antonio in general, that they could command a rate higher than the $450.00 per hour upper rate charged by trial attorneys in San Antonio.

21. The Fee Claim identifies four attorneys who have more than twenty years of legal practice experience: Wm. Paul Lawrence, Jeffrey Newman, Kay Reeves, and Charles Siegel. Only Wm. Paul Lawrence and Jeffrey Newman appear to have the lengthy specialized experience that could justify the maximum $450.00/hour billing rate for civil litigation attorneys in San Antonio. With respect to other attorneys in this category, Kay Reeves and Charles Siegel, it is my opinion that the prevailing hourly rate for attorneys in the San Antonio Division of reasonably comparable skill, ability, experience, and reputation was at most $425.00, and, more likely, $415.00 per hour.

22. The Fee Claim identifies two attorneys who have between ten and twenty years of experience: Dan Hargrove and Loren Jacobson. In my opinion, the prevailing rate for attorneys in the San Antonio Division of reasonably comparable skill, ability,

experience, and reputation during the time legal services were performed and for litigation of similar complexity as this was $350.00 per hour.

23. The Fee Claim identifies another attorney who has less than ten years of experience: Anne Izzo. It is my opinion that the prevailing hourly rates for attorneys in the San Antonio Division of reasonably comparable skill, ability, experience and reputation during the time legal services were performed and for litigation of similar complexity was $285.00 per hour.

24. In my experience, local community rates for attorneys in San Antonio are significantly lower than the rates set forth by either the U.S. Attorney's Office for the District of Columbia's Attorney Fees Matrix or the Valeo 2017 Healthcare Attorney Hourly Rate Report ("Valeo Report").

25. Based on my review of the portions of the Valeo Report supplied by Relator's counsel, it is my opinion that the Valeo Report is not a reliable basis for determining reasonable attorney's fees in San Antonio. The portions of the Valeo Report provided do not define "Healthcare Attorney," and therefore the scope of that designation is unclear. More importantly, the Valeo Report states in its Executive Summary that the rates are based only on rates that are publicly published. In my experience, only very large law firms publish their billing rates, and those rates represent an initial asking price that typically is negotiated to a much lower rate by clients.

26. It is my opinion that the median hourly rate for litigation paralegals in the San Antonio Division during 2014 was $121, based on the Texas Bar Report. It is further my opinion that prevailing hourly rates for litigation paralegals were not materially less

7

during the immediately preceding two or three years nor were they materially greater during the succeeding two to three years. In my opinion, it would be unreasonable to compensate any of the paralegal time at issue in this case at a rate in excess of $130.00 per hour.

27. I believe that my opinions contained in this Declaration are corroborated and confirmed by the hourly rate surveys conducted by the State Bar of Texas referenced in paragraphs 8 and 9. The median hourly rate for attorneys in the San Antonio Metropolitan area ranged from a low of $175.00 per hour for attorneys involved in Personal Litigation matters to up to $263.00 per hour for attorneys practicing Commercial Litigation. These surveys (and the others which have been periodically conducted by the State Bar) have been frequently used by the courts to validate and check the reasonableness of requested attorney's fee awards. *See, e.g., Structural Metals, Inc. v. S & C Electric Co.*, 2013 WL 3790307 (W.D. Tex. July 19, 2013) (Rodriguez, J.). Indeed, courts in the Western District of Texas routinely take judicial notice of the Hourly Rate Fact sheet as a reliable indicator of prevailing legal market rates.

28. I note that in attempting to justify the much greater hourly rates sought by the Relator's Fee Claim, Relator's counsel asserts that this *qui tam* case was particularly complex and required "at least one lead counsel who can understand and reconcile complex and sometimes conflicting interests between and among the various parties . . . . " *See* Declaration of Wm. Paul Lawrence, ¶ 8. In my experience, however, the skills, knowledge, and experience required to successfully navigate, for example, class action or malpractice litigation are at least equal to those required to negotiate a *qui tam* settlement

as described by Mr. Lawrence. Although a *qui tam* case may justify an enhancement of fees, there is no basis to justify an enhancement of fees beyond the upper prevailing rate for other specialized civil litigation in San Antonio. Moreover, Relator's Fee Claim seeks significantly inflated rates not just for one lead counsel but for all of Relator's counsel, including four counsel that claim over 20 years of specialized experience. In my opinion, this is not reasonable or acceptable.

### B.   Attorney Billing Records

29.   Due to my lengthy years of practice and experience as a lawyer in San Antonio, I am familiar with customary practice regarding acceptable attorney billing in the San Antonio Division of the Western District of Texas.

30.   I have reviewed the billing records submitted by Relator's counsel in this case (Relator's Fee Claim, Exhibit E). In my opinion, these records are deficient and inconsistent with local community practice. Relator's counsel regularly "block"-billed their time, such that it is impossible to determine whether the time spent on any particular task was excessive. For example, Jeff Newman billed 13 hours on 4/30/2013 to a series of tasks, several of which would be excessive in the extreme if they comprised more than a very small portion of that 13 hours. Thus it is impossible to determine whether those 13 hours was billed appropriately.

31.   Relator's counsel also billed numerous hours for travel and meals, and submitted vague, excessive, and redundant time entries, particularly in the case of Jeff Newman. For example, several time entries are simply two word statements (e.g., "email client"). It is unclear from these entries who emailed whom, what the subject of the

9

email was, or whether there was any action that resulted from the email received or sent. In my experience, clients and courts require more specificity.

32. In my experience, it is also customary for plaintiff's attorneys in a multi-defendant lawsuit to segregate their billing records by defendant and claim as necessary to show the hours reasonably spent on a prevailing claim. Based on my review, these records do not identify the defendants or claims associated with each activity, and it does not appear that Relator's counsel made any effort to segregate their billing records accordingly.

33. Finally, the number of attorneys reviewing emails and documents in this matter without specific action taken or advice given in connection with those activities suggests significant redundancy among the seven counsel engaged to represent Relator in this matter, in addition to the multiple government counsel working on this matter. Relator's Fee Claim fails to justify the need for the large number of similarly experienced attorneys engaged to work on this matter.

34. In my experience and in my opinion, pervasive redundant, excessive, and vague billing records, such as those produced by Relator's counsel in this case, should be subject to significant billing judgment to address these issues.

35. I declare under penalty of perjury that the foregoing is true and correct.

Dated October 1, 2018 at San Antonio, Texas.

_____
George H. Spencer, Jr.
Declarant